UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | 3:04-cv-54-RLY-WGH |
| DENEISE QUINTANILLA, ) | 3:00-CR-00025-002 |
| ) | |
| Defendant. ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

Deneise Quintanilla seeks relief pursuant to 28 U.S.C. § 2255. The court has considered such motion, together with the United States' response and the reply thereto, along with the file in the underlying criminal prosecution, and finds that Quintanilla is not entitled to the relief she seeks. This conclusion rests on the following facts and circumstances:

1. Quintanilla was charged in a Superseding Indictment returned on January 4, 2001, with conspiracy to possess with intent to distribute and to distribute in excess of 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and § 846, and with conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(a) and (h). She was convicted after a trial by jury on each count. Her conviction was affirmed on appeal in *United States v. Caballos,* 302 F.3d 679 (7th Cir. 2002).

2. Quintanilla now seeks relief pursuant to § 2255. The scope of relief available under § 2255 is narrow. A defendant is entitled to relief under § 2255 where the error is jurisdictional, constitutional or is a fundamental defect which inherently results in a complete miscarriage of justice. *Boyer v. United States,* 55 F.3d 296, 298 (7th Cir.), *cert. denied*, 516 U.S. 904 (1995). A § 2255 motion is neither a recapitulation of nor a substitute for a direct appeal. *See e.g., Johnson v. United States*, 838 F.2d 201, 202 (7th Cir. 1988); *Qualls v. United States*, 774 F.2d 850, 851 (7th Cir. 1985). As a result, when a defendant fails to raise a claim at trial or on direct appeal, he may not proffer it as a ground for collateral attack unless he demonstrates good cause and prejudice. *Waldemer v. United States,* 106 F.3d 729, 731 (7th Cir. 1996). Claims of ineffective assistance of counsel are an exception to the rule of procedural default and generally may be raised during a collateral challenge. *See Massaro v. United States,* 538 U.S. 500 (2003).

      3. Quintanilla contends that she was subject to ineffective assistance of counsel during every phase of the criminal proceeding. The Sixth Amendment right to counsel exists "in order to protect the fundamental right to a fair trial." *Strickland v. Washington,* 466 U.S. 668, 684 (1984). For a petitioner to establish that her "counsel's assistance was so defective as to require reversal" of a conviction or a sentence, she must make two showings: (1) deficient performance that (2) prejudiced her defense. *Id.* at 687. The Seventh Circuit has unequivocally stated that unsubstantiated and conclusory statements do not support ineffective assistance of counsel claims. *See, e.g., United States v. Turcotte*, 405 F.3d 515, 537 (7th Cir. 2005). As *Turcotte* notes, a defendant bears the burden of proof and persuasion in establishing an ineffective assistance of counsel claim. *Id.* The prejudice prong of the *Strickland* test requires showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694; *see also Bell v. Cone,* 535 U.S. 685, 697-98 (2002). It is not enough for a petitioner to show that "the errors had some conceivable effect on the outcome of the proceeding." *Strickland,* 466 U.S. at 693. A petitioner must specifically explain how the outcome at trial would have been different absent counsel's ineffective assistance. *Berkey v. United States,* 318 F.3d 768, 773 (7th Cir. 2003).

      a. Quintanilla initially contends that her attorney was ineffective when he failed to move to sever her case from that of her co-defendants. Quintanilla states that her co-defendants were involved in the drug conspiracy for a much longer time and much more extensively than she was, and her defense was severely prejudiced by evidence of their activity. She argues that her counsel's failure to file a motion to sever was clear and harmful error.

      b. Federal Rule of Criminal Procedure 8(a) allows joinder of multiple counts if they are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." "The presumption in favor of joint trials is especially strong when the defendants are charged with conspiracy." *United States v. Chrismon,* 965 F.2d 1465, 1476 (7th Cir. 1992). In order to succeed with this claim, Quintanilla must show that the joinder created actual prejudice that deprived her of a fair trial. *United States v. Rollins,* 301 F.3d 511, 519 (7th Cir. 2002). A fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding. *Wright v. United States,* 139 F.3d 551, 552 (7th Cir. 1998) (citing *Strickland,* 466 U.S. at 685). Apart from vague and unsupported assertions, Quintanilla presents nothing to demonstrate that her counsel's failure to file a motion to sever was not outside "the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. She also fails to show that in any way she was denied a fair trial by reason of the joinder of the charges against her with the trial of her co-defendants. She is therefore not entitled to relief based on this first specification of attorney ineffectiveness.

      c. Quintanilla contends that her attorney was ineffective in not objecting to the prosecutor's mischaracterization of the evidence against her. The court does not find that there was such misconduct by the prosecutor, so this specification of attorney ineffectiveness fails. There is also no basis for any other contention of prosecutor misconduct.

      d.      Quintanilla argues that her attorney was ineffective for not arguing on appeal that this court erred in denying her Rule 29 motion for judgment on acquittal. However, that motion was properly denied and there was no possibility of a different view on appeal. "It is not deficient performance to fail to raise an argument with no real chance of success." *Hough v. Anderson,* 272 F.3d 878, 898 n.8 (7th Cir. 2001). Additionally, to establish the *Strickland* prejudice prong, a defendant must show that there is a reasonable probability that appellate counsel's failure to raise an issue would have resulted in the reversal of his conviction or an order for a new trial. *Lee v. Davis,* 328 F.3d 896, 901 (7th Cir. 2003). That is not the case with respect to the failure to raise the denial of Quintanilla's Rule 29 motion for acquittal.

      e.      Quintanilla argues that her attorney was ineffective for not asking certain questions of certain witnesses. However, there is no showing that, even had these questions been asked, there is a reasonable probability that the result of the proceeding would have been different. Thus, there is no showing of prejudice from this asserted deficient performance of counsel.

      4.      Quintanilla presents various arguments which are premised on her view that the evidence of her involvement in the conspiracy was insufficient to support the jury's verdict. The evidence was found sufficient in her direct appeal, and there are no circumstances permitting the claim to be renewed here, so these arguments must each be rejected.

      5.      Quintanilla wishes to add a *Booker* claim, referring to *United States v. Booker,* 125 S. Ct. 738 (2005). *Booker's* central holding is that the federal Sentencing Guidelines are no longer mandatory or binding on the court, but are instead advisory. *Booker,* 125 S. Ct. at 764; *see also United States v. Henningsen*, 402 F.3d 748, 750 (7th Cir. 2005). The Court of Appeals has held that "*Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005." *McReynolds v. United States,* 397 F.3d 479, 481 (7th Cir. 2005); *see also United States v. Paladino*, 401 F.3d 471, 481 (7th Cir. 2005) (defendants whose judgments became final before *Booker* was decided are "out of luck, because *Booker* is not retroactive"). Quintanilla's convictions were final a full two years before the Supreme Court's decision in *Booker,* and hence she cannot benefit from it. Because a *Booker* claim in this instance would be futile, and because amending the § 2255 motion to permit a futile claim is not warranted, Quintanilla's motion to amend filed on January 17, 2006, is **denied.**

      6.      On the basis of the foregoing, therefore, Quintanilla's motion for relief pursuant to 28 U.S.C. § 2255 and for an evidentiary hearing is denied, and this action must be dismissed with prejudice. Judgment consistent with this Entry shall now issue.

      **IT IS SO ORDERED.**

Date:   03/09/2006

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana